PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2001 Chevrolet Impala struck a rock when he was traveling on U.S. Route 50 near Augusta, Hampshire County. U.S. Route 50 is a road maintained by respondent in Hampshire County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 8:30 p.m. on February 19, 2006. U.S. Route 50 is a three-lane road at the location of claimant’s incident. Mr. Amtower was driving behind two tractor trailers when he noticed one of the tractor trailers swerve to the left. Claimant stated that it was then that he noticed rocks in the road. Mr. Amtower testified that he tried to avoid the rocks but could not and his vehicle struck a rock. Claimant stated that the rock appeared to be between ten and fourteen inches in diameter. Claimant’s vehicle sustained damage to the front driver side tire and rim totaling $366.25. Claimant’s insurance deductible was $250.00.
The position of the respondent was that it did not have notice of the rocks on U.S. Route 50. Chris Corbin, County Administrator for respondent in Hampshire County, testified that this is not an area that typically has rock falls. He stated that there are rock falls along this stretch of U.S. Route 50 perhaps once a year.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To.hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn v. Dept. of Highways, 16 Ct. Cl. 68 (1985).
In the present claim, claimant has not established that respondent failed to take adequate measures to protect the safety of the traveling public on U.S. Route 50 in Hampshire County. There was no evidence presented at the hearing of this matter to show that respondent knew or should have known about the rock fall along U.S. Route 50 at the time of claimant’s incident. While the Court is sympathetic to claimant’s plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.